UNITED STATES of America, ex rel., as relator on behalf of the United States Government, a/k/a Seal 1, Plaintiff—Amicus,

Earl Bridges, a/k/a Seal 2, Plaintiff—Appellant,

v.

Brian ZATICA, a/k/a Seal A; et. al., Defendants—Appellees,

and

John Harris, a/k/a Seal B; et al., Defendants.

No. 05–55747.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 2007.

Filed Aug. 1, 2007.

USLA—Office of the U.S. Attorney Civil & Tax Divisions, Anthony A. Yang, Esq., Los Angeles, CA, DOJ—U.S. Department of Justice, Civil Division/Appellate Staff, Washington, DC, for Plaintiff–Amicus.

Ralph Rogari, Esq., Rehm & Rogari, Los Angeles, CA, for Plaintiff–Appellant.

Craig A. Ramseyer, Esq., Kendra J. Hall, Esq., Procopio Cory Hargreaves & Savitch, San Diego, CA, for Defendants–Appellee.

Patrick C. Carroll, Esq., Patrick C. Carroll Law Offices, Santa Ana, CA, for Defendants.

Before: SILVERMAN, W. FLETCHER, and CLIFTON, Circuit Judges.

MEMORANDUM *

Earl Bridges, on behalf of the United States, appeals the district court's judgment as a matter of law for Macro–Z Technologies (MZT) in his qui tam action under the False Claims Act, 31 U.S.C. § 3729. We agree with the district court that Bridges did not produce sufficient evidence at trial to substantiate his claims and, therefore, affirm the judgment.

Bridges first claims to have proven that MZT, as general contractor, fraudu-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lently promised to "perform at least 15 percent of the cost of the contract, not including the cost of materials, with its own employees." He failed, however, to put forward any evidence of the overall "cost of the contract,"[1] nor any evidence of the eligible costs incurred by MZT. The jury therefore had no evidence to calculate the percentage of the cost performed by MZT.

Bridges next claims to have established that MZT failed to obtain "prior written approval of the [Small Business Administration] and the Contracting Officer" prior to its decision to subcontract with the Greg Harris Construction Company, as MZT was allegedly required to do. While a jury might infer from the testimony adduced at trial that no such approval was ever obtained, Bridges produced no evidence that failing to present the subcontract for approval influenced the decision to award MZT the primary contract. Thus, Bridges's claim fails for an insufficient showing as to materiality. *See United States ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1172–73, 1174 (9th Cir.2006), *cert. denied,* — U.S. —, 127 S.Ct. 2099, 167 L.Ed.2d 813 (2007).

Bridges's third allegation implicates MZT's alleged fraudulent promise to designate a Contractor Quality Control (CQC) System Manager from "within [its] organization" to oversee the Project. We agree with the district court that the provision is ambiguous as to whether the CQC manager must be an employee of the general contractor or can be an employee of a subcontractor. Therefore, any promise by MZT regarding the provisions could not have been made with the requisite scienter because MZT adopted one of two reasonable interpretations. *See Hagood v. Sonoma County Water Agency*, 81 F.3d 1465, 1478–79 (9th Cir.1996).

Bridges lastly claims to have proven that MZT did not directly superintend the Project, but instead subcontracted the position to a third party. Even if true, this claim is without merit because the only evidence adduced as to materiality was the testimony of an employee of the contracting agency, who stated that direct employment was not required.[2]

**AFFIRMED.**

---

1. This number will be significantly lower than the contract's $6.9 million price tag. It excludes any profits and fees associated with the Project. *See* 13 C.F.R. § 125.6(e)(1). Furthermore, it excludes the "cost of materials"—any items purchased for the Project (e.g., the riprap rock), the "handing and associated shipping costs" for those items (e.g., trucking and trucking insurance), and any construction equipment purchased. *Id.* § 125.6(e)(4).

2. The district court declined to address the merits of Bridges's joint venture theory under the "ostensible subcontractor" rule of 13 C.F.R. § 121.103(h)(4). Bridges did not make the federal basis for this argument clear before the district court, but regardless of whether he waived this argument, it is unavailing here. Bridges cannot show that MZT was aware of, deliberately ignored, or recklessly disregarded a requirement to submit information on whether MZT and its subcontractor had formed a joint venture; indeed Bridges has not even argued this point, despite the fact that MZT raised it before this panel.